UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>         Plaintiff,<br><br> - against -<br><br>WHIP NETWORKS, INC.<br><br>         Defendant. | Docket No. 1:18-cv-5266<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Whip Networks, Inc. ("Whip" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of American rapper Azealia Banks being arrested in New York City, owned and registered by Sadowski, a New York based professional photographer. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.       Sadowski is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 96 9th Avenue, Hawthorn, New Jersey 07506.

6.       Upon information and belief, Whip is a domestic business corporation duly organized under the laws of the state of Delaware with a place of business at 1847 Centinela Avenue, Santa Monica, California 90404. At all times material, hereto, Whip has owned and operated a website at the URL: www.RealCoolNation.com (the "Website").

## STATEMENT OF FACTS

### A.       Background and Plaintiff's Ownership of the Photographs

7.       Sadowski photographed American rapper Azealia Banks being arrested in New York City (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8.       Sadowski then licensed the Photographs to the New York Post. On December 16, 2015, the New York Post ran an article that features the Photographs entitled *'Book-biting' Azealia Banks arrested*. See https://pagesix.com/2015/12/16/boob-biting-azealia-banks-arrested/. Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

9.       Sadowski is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office and were given registration number VA 1-989-742.

**B.  Defendant's Infringing Activities**

10. Whip ran an article on the Website entitled *Azealia Banks Arrest Warrant Biting Another Woman Breast* See http://realcoolnation.com/azealia-banks-warrant-biting-another-womans-breast/. The article prominently featured the Photographs. A screen shot of the Photographs on the article are attached hereto as Exhibit B.

11. Whip did not license the Photographs from Plaintiff for its article, nor did Whip have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST WHIP)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Whip infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Whip is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Whip have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST WHIP
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Upon information and belief, in its article on the Website, Whip copied the Photographs from the New York Post which contained a gutter credit underneath the Photographs stating "Christopher Sadowski" and placed it on its Website without the gutter credit.

21. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

22. The conduct of Whip violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Whip's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Whip intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Whip also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

25. As a result of the wrongful conduct of Whip as alleged herein, Plaintiff is entitled to recover from Whip the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Whip because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Whip statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Whip adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Whip be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 11, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Christopher Sadowski*